KRISTIN L. OLIVEIRA (SBN 204384)
koliveira@hkemploymentlaw.com
CHRISTIN LAWLER (SBN 272607)
clawler@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
505 Montgomery Street 13th Floor
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
SACMI USA, Ltd.,
erroneously sued as "SACMI USA"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JAMES WILKE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SACMI USA; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331; 1441**<br><br>**[Declaration of Kristin L. Oliveira Filed Concurrently In Support]**<br><br>[Sacramento Superior Court Case No.: 34-2017-00207898] |

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1441(a), (b), and 1446, Defendant SACMI USA, Ltd., erroneously sued as "SACMI USA" ("Defendant" or "SACMI") hereby removes the above-entitled action from the Superior Court of California in and for the County of Sacramento to the United States District Court for the Eastern District of California.

**GROUNDS FOR REMOVAL ON THE BASIS OF FEDERAL QUESTION**

**I.　INTRODUCTION**

On or about February 14, 2017, Plaintiff James Wilke ("Plaintiff") filed a Complaint in the Superior Court of the State of California for Sacramento County, entitled *James Wilke v.*

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332; 1441
CASE NO.

4819-7906-0803

*SACMI USA; and Does 1 through 10, inclusive*, Case No. 34-2017-00207898 (hereinafter the "Complaint"). A true and correct copy of the Complaint is attached to the Declaration of Kristin L. Oliveira, filed concurrently herewith, as <u>Exhibit A</u>. The Complaint purports to state causes of action against Defendant for: (1) Violation of the Fair Labor Standards; (2) Violation of California Labor Code § 510 and Section 3 of the Wage Order; (3) Violation of Record Keeping Requirements – Labor Code § 226; and, (4) Business & Professions Code § 17200.

A notice to the state superior court of removal is concurrently being filed with the Superior Court of the State of California in and for the County of Sacramento and is concurrently being served on Plaintiff as required under 28 U.S.C. §1446(d).

## II. <u>VENUE</u>

Venue lies in the Eastern District pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(a). This action was originally brought in the Superior Court of the State of California, County of Sacramento.

## III. <u>FEDERAL QUESTION JURISDICTION</u>

This is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1331, and one that may be removed to this Court pursuant to 28 U.S.C. Section 1441(a), because it is founded on a claim or right arising under the laws of the United States.

Plaintiff's First Cause of Action alleges violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. Specifically, Plaintiff alleges: (1) Defendant paid Plaintiff a flat $7,000 per month, regardless of how many hours he worked (Complaint ¶ 6); (2) Plaintiff frequently worked more than forty hours per week, without payment of overtime (Complaint ¶ 7); (3) SACMI intentionally and willfully directed Plaintiff to work over forty hours per week without payment of overtime (Complaint ¶ 9); (4) Pursuant to the FLSA, 29 U.S.C. § 207, Defendant was required to pay Plaintiff for all hours worked over forty in a week at the rate of one and a half times Plaintiff's regular rate of pay, and Defendant intentionally and willfully violated the FLSA and State law (Complaint ¶ 10); and, (5) Plaintiff has suffered monetary damages in an amount equal to his earned and overtime wages, plus interest (Complaint ¶ 11).

Therefore, Plaintiff has explicitly alleged a violation of a federal law, and that federal law

must be interpreted in determining Defendant's liability.

## IV. THIS COURT HAS JURISDICTION OVER ALL OF PLAINTIFF'S CLAIMS

The Second through Fourth Causes of Action alleged in the Complaint arise from the same "common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966). Those causes of action reference the same factual allegations contained in paragraphs 1 through 12 of the Complaint. The Second, Third, and Fourth Causes of Action all relate to Plaintiff's allegations that Defendant did not pay him overtime and maintain correct wage statements because Defendant did not identify the total hours worked and all applicable hourly rates in effect during the pay period. (Complaint ¶¶13-24.) Therefore, even if some of Plaintiff's claims are not based on allegations relating to the FLSA, the court has jurisdiction over all of the claims based on pendent jurisdiction. *Jackson v. Southern California Gas Co.,* 881 F.2d 638, 646 (9th Cir. 1989).

Consequently, considerations of judicial economy and fairness to the litigants weigh strongly in favor of litigating all of Plaintiff's causes of action against Defendant together in a single forum. *See United Mine Workers v. Gibbs, supra,* 383 U.S. at 725-26.

Based on the foregoing, this action arises under the laws of the United States and is one that may be removed to this Court without regard to the amount in controversy or the citizenship or residence of the parties pursuant to 28 U.S.C. Section 1441(a). *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987).

## V. THE NOTICE OF REMOVAL IS TIMELY

Removal of a complaint from state court to federal court must be effected within 30 days from the first date from which it can be ascertained that federal subject matter jurisdiction exists. The operative statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ....

28 U.S.C. §1446(b).

Here, Plaintiff served the Complaint upon Defendant on February 17, 2017. (Oliveira Decl. ¶ 2.) This Notice of Removal was filed on March 15, 2017, within 30 days of such service. Defendant will provide the Superior Court for the County of Sacramento with Notice of this removal on March 15, 2017. (Oliveira Decl. ¶ 3.)

Accordingly, removal of this case to the Federal District Court is therefore appropriate and timely pursuant to 28 U.S.C. § 1446(b).

## VI. CONCLUSION

For all of the foregoing reasons, this case is properly removed to the United States District Court for the Eastern District of California from the Sacramento County Superior Court. Accordingly, Defendant SACMI USA, Ltd. gives notice of their removal of this civil action.

Dated: March 15, 2017　　　　　　　　　　　　HIRSCHFELD KRAEMER LLP


By: /s/ Kristin L. Oliveira
Kristin L. Oliveira
Christin Lawler
Attorneys for Defendant
SACMI USA, Ltd.,
erroneously sued as "SACMI USA"

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 505 Montgomery Street 13th Floor, San Francisco, California 94111. On March 15, 2017, I served the following document(s) by the method indicated below:

<u>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§1331; 1441**</u>

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On March 15, 2017, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

William L. Marder
Polaris Law Group, LLP.
501 San Benito Street, Suite 200
Hollister, CA 95023
Phone: (831) 531-4214
Fax: (831) 634-0333
Email: bill@polarislawgroup.com

CERTIFICATE OF SERVICE
CASE NO. 17-280

4831-9717-4084

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on March 15, 2017 at San Francisco, California.

_____
Crystal Ludlow